**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00914-CV

_____

**JAY COHEN, Appellant**

**V.**

**MIDTOWN MANAGEMENT DISTRICT, GREATER SOUTHEAST MANAGEMENT DISTRICT, HARRIS COUNTY, THE HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, AND THE HARRIS COUNTY HOSPITAL DISTRICT, Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-16814**

---

## O P I N I O N

In this tax delinquency suit, Jay Cohen challenges the enforceability of two judgments nunc pro tunc that the trial court entered after it lost its plenary power.

Cohen asks for reinstatement of the original final judgment, claiming that the revisions were judicial and not clerical and, as a result, are void. We vacate the May 21, 2014 judgment nunc pro tunc, reinstate the July 25, 2014 judgment nunc pro tunc, and as reinstated, affirm.

## Background

Cohen is the record owner of several parcels of real property within Harris County. Beginning in 2004, Cohen became delinquent on the taxes he owed on five of his tracts. In March 2013, the Greater Southeast Management District and the Midtown Management District, on behalf of themselves and all other taxing units for whom they collect, brought suit against Cohen for the taxes, penalties, and interest he owed, as well as attorney's fees and costs.

Harris County timely intervened on behalf of itself and other county-wide taxing authorities, namely, the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, Houston Independent School District (HISD), and Houston Community College System (HCCS) (collectively, the Harris County Taxing Units).

Trial was set for November 2013. The taxing unit parties appeared. Cohen failed to appear. The trial court proceeded with trial. The taxing unit parties proffered the following evidence:

- Certified delinquent tax records from the Tax Assessor/Collector for the Greater Southeast Management District showing the tax delinquencies on three of Cohen's properties; and

- A certified delinquent tax statement prepared by the Harris County Tax Assessor-Collector for Cohen's remaining two properties specifying the amount of delinquent taxes, penalties, and interest owed to each of the Harris County Taxing Units for the corresponding property.

The trial court admitted the evidence and announced, "Judgment for Plaintiffs."

On November 15, 2013, the trial court signed a final judgment that incorporated descriptions of each of the five properties and charts corresponding to each parcel identifying the amounts that Cohen owed to each taxing unit, designated as "Gt. Southeast Mgt. Dist.," "Midtown Mgt. Dist.," "Harris County," "City of Houston," and "Houston ISD."

In June 2014, the Greater Southeast Management District moved for an order to amend the judgment nunc pro tunc. It explained that, although the trial court's November 2013 judgment contained an award for the Houston Independent School District, it was not specifically identified, other than generally as a "Plaintiff Taxing Unit" on the first page of the judgment. The trial court granted the motion and signed the judgment nunc pro tunc on July 25, 2014. Like the November judgment, this judgment nunc pro tunc closes with the following paragraph:

IT IS ORDERED that all parties named in any pleadings filed by any party and not included in the judgment, and any property set out in previous pleadings not included in this judgment, are hereby dismissed without prejudice to the right to refile their claims. All relief previously requested and not herein granted is expressly denied. This judgment finally disposes of all parties and all claims and is appealable.

Both the original final judgment and the first judgment nunc pro tunc also contain a provision that declares:

IT IS ORDERED that the following taxing units, having been joined herein but having failed to plead and prove their claims for delinquent taxes on the above described real property, shall have their tax liens on such property extinguished for all delinquent taxes due, as of the date of this judgment, pursuant to the provisions of the Texas Property Tax Code, to wit

NONE[.]

Cohen invoked our jurisdiction by appealing the judgment nunc pro tunc. Approximately 18 months later, during the pendency of this appeal, Greater Southeast Management District moved for a second judgment nunc pro tunc. It explained that neither the original final judgment nor the first judgment nunc pro tunc showed the amounts that the trial court awarded to the Houston Community College System, despite it having been identified as a Plaintiff Taxing Unit on the first page of both judgments. The District also requested amendment of the adjudged market values stated in the judgment for each property to correspond to

4

the amounts shown in the certified tax statements admitted at trial. The trial court granted the motion and signed that nunc pro tunc final judgment on May 21, 2015.

## Validity of Judgments Nunc Pro Tunc

### A. Applicable Law and Standard of Review

Once a trial court has lost plenary jurisdiction over a case, it may enter a judgment nunc pro tunc to correct any mistakes or misrecitals in the judgment only if the errors to be corrected are clerical rather than judicial. *Dep't of Transp. v. API Pipe & Supply*, 397 S.W.3d 162, 167 (Tex. 2013); *JG Wentworth Originations, LLC v. Freelon*, 446 S.W.3d 426, 433 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A clerical error is a discrepancy between the judgment entered into the record and the terms of the judgment that was actually rendered. *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Conversely, a judicial error is an error arising from a mistake of law or fact in the judgment as rendered that requires judicial reasoning to correct. *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). If an error is determined to be judicial rather than clerical, the change is void. *API Pipe & Supply*, 397 S.W.3d at 167.

Whether an error in the judgment is clerical or judicial is a question of law. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). In deciding this issue, we

look to the judgment actually rendered and not to the judgment that should or might have been rendered. *Id.* at 231. "Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). We consider as fact issues whether the court pronounced judgment orally and the terms of the pronouncement. *Hernandez v. Lopez*, 288 S.W.3d 180, 185 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

We affirm the judgment nunc pro tunc if the evidence clearly and convincingly shows that it corrects a clerical error. *See id.*

Cohen challenges the trial court's corrections as judicial in part because the evidence supporting them was not incorporated, either by attachment or reference, into the judgment. Incorporation, however, is not required. For the purpose of determining whether entry of a nunc pro tunc judgment is proper, a court may rely on the oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. *Id.*

**B.    Analysis**

Cohen contends that both judgments nunc pro tunc are void because they attempted to correct judicial errors. We consider each of the three amendments—one in the first judgment nunc pro tunc and two in the second judgment nunc pro tunc—in turn.

6

Cohen challenges the first amendment, which inserts "HISD" into the list of "Plaintiff Taxing Units" as judicial because the trial court's oral rendition of "Judgment for Plaintiffs" did not include "*all* Plaintiffs *and* Intervenors." We disagree. The Management Districts' original petition brought the tax delinquency claims for themselves and "on behalf of all other taxing units." The trial court rendered judgment for all plaintiffs, without exclusion, based on the evidence of tax delinquencies, including those owed to HISD.

The original final judgment supports the conclusion that the trial court's reference to "Plaintiffs" includes HISD. It provides: "On the 15th day of November, 2013, this cause being called in its regular order, came the Plaintiff Taxing Unit(s) *whether Plaintiff(s), Intervenor(s) or Impleaded Plaintiff(s)*" (emphasis added). Following that prefatory language appears a list of all plaintiffs and intervenors except for HISD. The second page of the judgment identifies and awards compensation to HISD as a taxing unit.

No evidence supports a finding that the trial court meant to exclude HISD in its use of the term "Plaintiffs." We hold that the trial court's correction in the first judgment nunc pro tunc to list HISD among the plaintiffs on the first page of its judgment is a clerical one.

The second amendment corrects the omission of the amounts awarded to HCCS. HCCS is identified as a "Plaintiff Taxing Unit" on the first page of the

original final judgment, and the amounts that Cohen owed HCCS are included in the uncontroverted evidence before the trial court. The amendment is consistent with the trial court's broad oral rendition of judgment.

But the record more strongly supports the conclusion that this amendment is not merely clerical. An error in drafting a judgment, even one that omits a party's name, may become part of the judgment the court renders. *See LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 784 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that judgment erroneously drafted to include named party as summary judgment movant contained judicial error that could not be corrected after trial court's jurisdiction expired) (citing *In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)). "[E]rrors in rendered and entered judgments are not clerical merely because they are based upon or grow out of clerical errors." *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968) (citing *Love v. State Bank & Trust Co.*, 90 S.W.2d 819 (Tex. 1936)). "[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court." *Dikeman v. Snell*, 490 S.W.2d 183, 185–86 (Tex. 1973) (orig. proceeding), *quoted in In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (per curiam) (orig. proceeding).

The final judgment in this case follows an oral rendition, but that oral rendition by no means captured all of the specifics that are essential to the judgment. The final written judgment, signed the same day the trial court pronounced "Judgment for Plaintiffs," specifies the plaintiffs' pro rata shares of the tax debt, penalties, and interest. The written judgment thus constitutes an extension of the rendition, not merely a clerical recording of the oral pronouncement.

The first page of the judgment, while identifying HCCS as a plaintiff, does not identify it as a recovering plaintiff. The judgment declares that no joined plaintiff failed to plead and prove its claims for delinquent taxes on Cohen's property, but the last page of the judgment dismisses any party set out in previous pleadings but not included in the judgment. This dismissal can be read to include HCCS without doing violence to the judgment's other provisions. Further, with respect to HCCS, the first judgment nunc pro tunc contains the same language as the original judgment.

The second amendment purports to make a substantive change, increasing the amount of the judgment against Cohen by an additional $4058.06. The record lacks clear and convincing evidence that this alteration is clerical. We therefore hold that the second amendment is void.

Likewise, the change to the adjudged market values for four of the five tracts listed in the judgment is not a clerical change. It does not comport with the record evidence the trial court relied on in rendering judgment for the taxing units. Under the Property Tax Code, the adjudged value refers to the trial court's determination of market value on the date of trial. *See* TEX. TAX CODE ANN. § 33.50 (West 2015) (providing that "[t]he appraised value of the property according to the most recent appraisal roll approved by the appraisal review board is presumed to be its market value on the date of trial"). The certified delinquent tax statement for each tract identified its 2013 value, and these values were included in the original judgment and first judgment nunc pro tunc. The entry for only one of the tracks contains the market value reflected in the record, and that entry remains unchanged from both the original judgment and the first judgment nunc pro tunc. The record contains neither evidence nor explanation for any increase in values for the remaining four tracts. Accordingly, the changes to the market values for those tracts are void.

**Conclusion**

We hold that the judgment nunc pro tunc entered on May 21, 2015, insofar as it purports to award damages to HCCS and change the adjudged market values for Tracts 1, 2, 3, and 5 is void. We further hold that the July 25, 2014 judgment nunc pro tunc, which corrects the judgment to include HCCS in the list of plaintiffs appearing on the first page, is valid. We therefore vacate the May 21, 2015

10

judgment nunc pro tunc, reinstate the July 25, 2014 judgment nunc pro tunc, and affirm that judgment.

                                        Jane Bland
                                          Justice

Panel consists of Justices Jennings, Keyes, and Bland.