Melecio Arturo MOLINA, Appellant

v.

Melecio Arturo MOLINA Jr., Appellee

No. 04–15–00754–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 22, 2017

Michael Sean Quinn, Law Firm of Michael Sean Quinn, Austin, TX, Nathan H. Chu, Laredo, TX, for Appellant.

Louis P. LaVaude, Law Offices of Louis P. LaVaude, David Eduardo Garcia, Law Office of Pete Saenz, Jr., P.C., Laredo, TX, for Appellee.

Sitting: Karen Angelini, Justice, Marialyn Barnard, Justice, Rebeca C. Martinez, Justice

## OPINION

Opinion by: Marialyn Barnard, Justice

Appellant Melecio Arturo Molina ("Molina Sr.") challenges the trial court's summary judgment dismissing his declaratory judgment action against appellee Melicio Arturo Molina Jr. ("Molina Jr.") and affirming a previously rendered nunc pro tunc divorce decree. In his first seven issues, Molina Sr. argues his declaratory judgment action was not barred as a matter of law because the nunc pro tunc divorce decree it sought to attack is void. In his last issue, Molina Sr. argues the trial court violated his due process rights by affirming the nunc pro tunc divorce decree. We reverse the trial court's judgment and remand the cause for further proceedings.

### BACKGROUND

In 1997, Patricia Molina filed for divorce from Molina Sr. At the hearing on Patricia's divorce petition, the attorneys for the parties announced they had reached an agreement with regard to the division of the marital estate. The terms of the agreement were dictated into the record in open court. Specifically, with regard to more than 100 acres of real property in Karnes County, described as "the ranch property," the following exchange occurred:

THE COURT: Who do they [the ranch property] go to?

[Patricia's attorney]: That property, Mr. Molina will keep a life estate and he will immediately execute—a deed conveying the remainder interest to the child, Melicio Arturo Molina Jr.

[Molina Sr.'s attorney]: And—

[Patricia's attorney]: And she would also—she will do the same thing with her interest in the ranch.

[Molina Sr.'s attorney]: Actually, she will waive any interest that she has in the property.

THE COURT: She won't keep any estate interest or anything like that.

[Patricia's attorney]: Right. There's a . . .

THE COURT: She will give it to the son.

[Patricia's attorney]: Right.

A year later, the trial court signed a final divorce decree, but it failed to include any reference to the ranch property.

In 2001, Patricia filed a "Petition for Enforcement, for Clarification, for Judgment Nunc Pro Tunc, and for Other Relief," asserting Molina Sr. failed to immediately execute a deed conveying his remainder interest in the ranch property to Molina Jr. In the petition, Patricia also asserted the final divorce decree did not conform to the agreement stated on the record by the parties during the divorce hearing. At the hearing on Patri-

cia's petition, Molina Sr. did not appear.[1] The trial court ultimately signed a "Final Decree of Divorce Nunc Pro Tunc," which awarded Molina Jr. a remainder interest in the ranch property in accordance with the agreement reached by the parties at the divorce hearing.

In 2014, Molina Sr. filed a declaratory judgment action against Patricia and Molina Jr., seeking, among other things, to set aside the nunc pro tunc divorce decree. According to Molina Sr., the nunc pro tunc divorce decree is void because it corrected a judicial error after the trial court's plenary power had expired, and therefore, is subject to a collateral attack. In response, Molina Jr. filed an answer, denying Molina Sr.'s allegation, as well as a counterclaim, asserting breach of fiduciary duties and waste. Molina Jr. also filed a motion for summary judgment in which he claimed that because Molina Sr. did not timely file an appeal or bill of review, his attempt to collaterally attack the nunc pro tunc divorce decree via a declaratory judgment action was barred by limitations. Molina Jr. further argued the summary judgment evidence attached to his motion conclusively established the nunc pro tunc divorce decree is not void. Molina Jr. attached a number of documents to his summary judgment motion, including: (1) a certified copy of an excerpt from the 1997 divorce proceeding, which described the terms of the parties' agreement pertaining to the ranch property; (2) a portion of the docket control sheet; (3) four notarized agreements signed by Molina Sr. in 2011 and 2012, which described Molina Sr.'s interest in the ranch property as a life estate; and (4) requests for admissions served by Molina Jr. on Molina Sr., asking Molina Sr. whether he was awarded a life estate interest in the ranch property during the 1997 divorce proceeding. According to Mo-

lina Jr., because the requests were not answered within thirty days, they were automatically deemed admitted. *See* TEX. R. CIV. PRO. 198.2(c) (deeming response to request for admissions as admitted if response not timely served).

Molina Sr. then filed a motion for summary judgment against Patricia, requesting the nunc pro tunc divorce decree be declared void as a matter of law because it corrected a judicial error after the trial court's plenary power had expired. Attached to his motion were copies of the following documents: the 1997 divorce decree; Patricia's "Petition for Enforcement, for Clarification, for Judgment Nunc Pro Tunc, and for Other Relief;" the nunc pro tunc divorce decree; the docket control sheet; and discovery requests served on Patricia, wherein Patricia objected to each question. Thereafter, Molina Jr. filed a response, arguing the nunc pro tunc divorce decree is not void as a matter of law because it corrected a clerical error as opposed to a judicial error, and therefore, the nunc pro tunc divorce decree could be rendered at any time.

After a hearing on the competing motions, the trial court granted Molina Jr.'s motion for summary judgment, dismissing Molina Sr.'s declaratory judgment action as barred and affirming the nunc pro tunc divorce decree. Thereafter, Molina Jr. nonsuited his pending counterclaims against Molina Sr., and Molina Sr. perfected this appeal.

## ANALYSIS

As indicated above, Molina Sr. challenges the trial court's summary judgment dismissing his declaratory judgment action as barred by the statute of limitations and affirming the previously rendered nunc pro tunc divorce decree. According to Mo-

---

1. The parties do not dispute that Molina Sr. was served with citation, but did not answer.

lina Sr., the trial court erred in granting summary judgment in favor of Molina Jr. because his declaratory judgment action was not barred by the statute of limitations. Specifically, Molina Sr. contends his declaratory judgment action was not barred because the nunc pro tunc divorce decree he sought to collaterally attack is void, and a collateral attack on a void judgment may be brought at any time. Molina Sr. further contends the trial court violated his due process rights by affirming the nunc pro tunc divorce decree.

### Standard of Review

We review a trial court's grant of a summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 730 (Tex. App.–San Antonio 2014, no pet.). We then consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 215; *PNP Petroleum I, LP*, 438 S.W.3d at 730. "When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered." *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Liberty Mut. Fire Ins. Co. v. Lexington Ins. Co.*, 446 S.W.3d 835, 840 (Tex. App.–San Antonio 2014, no pet.).

### Judgment Nunc Pro Tunc

■ Having reviewed the parties' motions, we begin by addressing the central question in this appeal—whether the nunc pro tunc divorce decree is void, and thus, subject to a collateral attack. To prevail on a collateral attack, the challenger must show the judgment it seeks to set aside is void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012); *Security St. Bank & Trust v. Bexar Cty.*, 397 S.W.3d 715, 723 (Tex. App–San Antonio 2012, pet. denied). Thus, for Molina Jr. to successfully prevail on his motion for summary judgment, he had to prove he was entitled to judgment as a matter of law by establishing the nunc pro tunc divorce decree is not void and therefore not subject to a collateral attack as a matter of law. *See Gilbert*, 327 S.W.3d at 124; *PNS Stores*, 379 S.W.3d at 274.

According to Molina Sr., the nunc pro tunc divorce decree is void because it corrected a judicial error—as opposed to a clerical error—after the trial court's plenary power expired. Molina Jr. contends, however, that the nunc pro tunc divorce decree is not void because it corrected a clerical error by correcting the 1998 written divorce decree to reflect the judgment orally rendered by the trial court during the 1997 divorce hearing.

### Applicable Law

■ Rule 329b(d) of the Texas Rules of Civil Procedure provides that a trial court "has plenary power to . . . vacate, modify, correct, or reform [its] judgment within thirty days after the judgment is signed." Tex. R. Civ. Pro. 329b(d). Once a trial court loses its plenary power over a case, it may render a judgment nunc pro tunc to correct any mistakes or misrecitals in the judgment so long as the errors corrected are clerical as opposed to judicial. *Dep't of Transp. v. A.P.I. Pipe & Supply*, 397 S.W.3d 162, 167 (Tex. 2013); *Cohen v. Midtown Mgmt. Dist.*, 490 S.W.3d 624, 627

(Tex. App.–Houston [1st Dist.] 2016, no pet.).

■ "[A] clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court and does not arise from judicial reasoning or determination." *In re A.M.C.*, 491 S.W.3d 62, 67 (Tex. App.–Houston [14th Dist.] 2016, no pet.); *see Cohen*, 490 S.W.3d at 627. A judicial error, however, is an error that "occurs in the rendering, as opposed to the entering, of a judgment." *Hernandez v. Lopez*, 288 S.W.3d 180, 185 (Tex. App.–Houston [1st Dist.] 2009, no pet.) (citing *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)). A judicial error arises from a mistake of law or fact and requires judicial reasoning or determination to correct. *A.M.C.*, 491 S.W.3d at 67; *Cohen*, 490 S.W.3d at 627; *Hernandez*, 288 S.W.3d at 185. A judgment rendered to correct a judicial error after the trial court's plenary power has expired is void. *A.M.C.*, 491 S.W.3d at 67; *Cohen*, 490 S.W.3d at 627; *Hernandez*, 288 S.W.3d at 185.

■■ When deciding whether an error is clerical or judicial, the trial court must look to the judgment actually rendered and not to the judgment that should or might have been rendered. *Escobar*, 711 S.W.2d at 232; *Cohen*, 490 S.W.3d at 627. "The trial court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. Even if the trial court incorrectly rendered judgment, it cannot alter a written judgment that precisely reflects the incorrect rendition." *Hernandez*, 288 S.W.3d at 185.

■ A court renders a judgment when it "officially announces its decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995); *Cohen*, 490 S.W.3d at 627. Mere approval of an agreement by the parties does not necessarily constitute a rendition of judgment. *Leal*, 892 S.W.2d at 858; *Cohen*, 490 S.W.3d at 627. Moreover, a judge's intention to render judgment in the future cannot be a present rendition of judgment. *Leal*, 892 S.W.2d at 858. Rather, rendition occurs when a present act, either by spoken word or written memorandum, decides the issues upon which a ruling is made. *Id.*

■ Whether an error is judicial or clerical is a question of law. *Cohen*, 490 S.W.3d at 627 (citing *Escobar*, 711 S.W.2d at 232). Whether the court pronounced judgment—and the terms thereof—orally, however, is generally a question of fact. *Id.*

### Application

■ Here, the excerpt from the 1997 divorce proceeding establishes the attorneys for Patricia and Molina Sr. recited the agreed terms regarding the division of marital property on the record in open court. As indicated above, the excerpt shows Patricia's attorney described the ranch property as 100 acres in Karnes County. Molina Sr.'s attorney then clarified the property was "a little bit over 100 acres," indicating both attorneys were familiar with the property being described. Patricia's attorney went on to state that Molina Sr. would retain a life estate in the ranch property and convey a remainder interest in the ranch property to Molina Jr. Immediately thereafter, Molina Sr.'s attorney stated Patricia would waive any interest in the ranch property. Throughout this discussion, the trial court appeared to have followed the dialogue between the parties' attorneys. In addition to this excerpt, Molina Jr. attached a portion of the docket control sheet, reflecting the following notation was made on the date of the 1997 divorce hearing:

CASE CALLED, KATY VERDIN CRT REPORTER. ATTY J LOPEZ &

S.TRIGO PRESENT W/PARTIES. DIVORCE GRANTED. PE APPT MC. RESP APPT PC. CS$1,000 PER MO. 8/15/ STD VISIT DIV OF COMM PROP READ INTO THE RECORD. DIV. OF PERSONAL EFFECTS READ INTO THE RECORD. DECREE DUE 8/18/97

After reviewing this evidence as well as the other summary judgment evidence, we conclude it does not establish the nunc pro tunc divorce decree corrected a clerical error as a matter of law because the evidence fails to establish the trial court orally rendered judgment during the hearing with respect to the ranch property. At most, the excerpt reflects the trial court understood and approved the terms of the parties' agreement pertaining to the ranch property; however, court approval of the parties' agreement does not necessarily constitute a rendition of judgment. *See Leal*, 892 S.W.2d at 858; *Cohen*, 490 S.W.3d at 627. As we pointed out above, rendition is a present act and the words expressed by the trial court must clearly indicate the intent to render judgment at that time. *See Leal*, 892 S.W.2d at 858; *Cohen*, 490 S.W.3d at 627. Here, there is nothing in the excerpt clearly reflecting the trial court's present intent to render judgment. As recognized by the supreme court in *Leal*:

> Oral rendition is proper ... but orderly administration requires that form of rendition to be in and by spoken words, not in mere cognition, and to have effect only insofar as those words state the pronouncement to be a present rendition of judgment.

892 S.W.2d at 858 (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)). Moreover, "[t]he words used by the trial court must clearly indicate the intent to render judgment[,]" not simply an approval of a settlement agreement. *Id.*

Molina Jr. argues the excerpt, in conjunction with the notation in the docket control sheet, establishes a rendition of judgment. We disagree. Although a trial court's notation on a docket control sheet may sometimes be used to support the contention that a judgment was orally rendered on a certain date, the docket control sheet in this case merely indicates the parties read their agreement into the record. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311 (Tex. App.–Houston [1st Dist. 2006, no pet.). It does not clearly reflect the trial court's present rendition of judgment. *See Leal*, 892 S.W.3d at 858 ("The judge's intention to render judgment in the future cannot be a present rendition of judgment."). Accordingly, we conclude the excerpt of the 1997 divorce hearing, even when coupled with the entry on the docket control sheet, is insufficient to constitute a rendition of judgment as a matter of law.

Therefore, by failing to establish an oral rendition of judgment as matter of law, the summary judgment evidence also does not establish that the nunc pro tunc divorce decree corrected a clerical error as a matter of law. As a result, Molina Jr. did not conclusively prove the nunc pro tunc divorce decree was precluded from a collateral attack or that the nunc pro tunc decree was valid. We therefore hold the trial court erred in granting summary judgment in favor of Molina Jr.

### CONCLUSION

Based on the foregoing, we reverse the trial court's order granting summary judgment in favor of Molina Jr. and remand the cause for further proceedings consistent with this opinion.