

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00428-CV

Javier **MORA**,
Appellant

v.

Anna **MORA**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CI00776
Honorable Peter A. Sakai, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED

Javier Mora appeals the trial court's order entering a judgment nunc pro tunc to correct a legal description contained in a divorce decree.  In the issues presented on appeal, Javier contends: (1) the trial court did not have jurisdiction to grant the nunc pro tunc; (2) the error in the legal description was a judicial error rather than a clerical error; and (3) the trial court erred in failing to enter findings of fact and conclusions of law.  We affirm the trial court's order.

**BACKGROUND**

On August 17, 2010, the trial court signed a divorce decree in the underlying cause. The decree stated the divorce was judicially pronounced and rendered on May 13, 2010, but signed on August 17, 2010.

In the divorce decree, the trial court awarded Anna a judgment against Javier in the amount of $215,573.00 "secured by a lien on the real property located on 17302 Bandera Road Lot 12 Helotes, Texas 78023 and the business known as Mora Trim and Roofing, Inc." The divorce decree set forth the judgment's payment terms and ordered Javier to sign a promissory note containing those terms. The divorce decree further stated, "The promissory note will be secured by a lien on the property that the business Mora Trim and Roofing, Inc. is located on. The lien is secured on all buildings and structures on 17302 Bandera Road Lot 12 Helotes, Texas 78023."

In the provisions of the divorce decree dividing the debt, the trial court ordered Javier to pay the promissory note evidencing the judgment for $215,573.00 and provided the note would be "secured by [a] deed of trust on the real property awarded in this decree to the husband." The decree further provided the debt would be "secured by a lien on the real property located on 17302 Bandera Road Lot 12 Helotes, Texas 78203 and the business known as Mora Trim and Roofing, Inc.", and the promissory note would be "secured by a lien on the property that the business Mora Trim and Roofing, Inc. is located on. The lien is secured on all buildings and structures on 17302 Bandera Road Lot 12 Helotes, Texas 78203."

The divorce decree also contained a provision entitled "Owelty of Partition" which stated, "The Court, having awarded 17302 Bandera Road Lot 12 Helotes, Texas 78023-3484 of the parties to JAVIER MORA, finds that it is necessary to impose an encumbrance for owelty of partition against the entirety of the property to secure the payment of the debt resulting from the award." The divorce decree then orders an encumbrance for owelty imposed "against the entirety of the

- 2 -

real property described as follows: CB4572 P-2C (.617) & P-3E ABS 212 more particularly described as 17302 Bandera Road Lot 12 Helotes, Texas 78023-3484," for the purpose of securing the payment of the debt of Javier in favor of Anna in the amount of $215,573.00.

Finally, the divorce decree contained a provision entitled "Judgment and Lien to Equalize Division," stating Anna was awarded the $215,573.00 judgment "[f]or the purpose of a just and right division of property" because the nature of the properties making up the community estate could not be divided in a just and right manner without impairing their value. The divorce decree also stated a promissory note in the amount of $215,573.00 "secured by the property located [at] 17302 Bandera Road Helotes, Texas 78203-3484 and the buildings and structures on the property is necessary to make a just and right partition of the property." The divorce decree ordered Javier to sign the promissory note and stated an equitable lien was created against the property located at 17302 Bandera Road Lot 12 Helotes, Texas 78023-3484. Javier was also ordered to sign an owelty of partition deed and a deed of trust.

In April of 2013, Anna filed a motion to enforce and for judicial foreclosure asserting, in part, that Javier had not signed the documents he was ordered to execute, noting the divorce decree referenced those documents as being attached exhibits but the documents were not attached. A hearing was held on Anna's motion on May 2, 2013, and the trial court's notes state the trial court found the motion to enforce was premature but granted the nunc pro tunc "as to correct legal description and exhibits." On May 31, 2013, the trial court signed a nunc pro tunc order which the trial court later vacated on September 12, 2013, because an appeal was pending when the order was signed.

In February of 2017, Anna set her motion for another hearing, and a hearing was held on February 22, 2017. At the hearing, Anna's attorney argued the divorce decree contained a clerical error when it referred to the legal description being "CB4572 P-2C (.617) & P-3E ABS 212" which

was unimproved property. Anna's attorney argued the correct legal description was "CB4572 P-3F ABS 212" which contained the buildings and structures located at 17302 Bandera Road Lot 12 Helotes, Texas 78023-3484. The trial court read from a transcript of the hearing at which the divorce decree was rendered noting the transcript referred to the note being secured by a lien on the property where the business was located, and did not refer to a legal description. The trial court then quoted the following from the transcript of the hearing, "On that lien, the note will have a first lien on the real estate and all the buildings upon it as well. I don't think there's a need to secure it through a lien on all the vehicles or a lien on all the accounts receivable or anything else." The trial court also reviewed the divorce decree. Finally, the trial court heard Javier's testimony that the property located at P-3E was unimproved property while the property located at P-3F had improvements located on the property. At the conclusion of the hearing, the trial court granted the nunc pro tunc to change the reference from P-3E in the legal description to P-3F and later signed the order entering the nunc pro tunc judgment on April 24, 2017. Javier appeals.

### DISCUSSION

A nunc pro tunc judgment permits the trial court to "at any time correct a clerical error in the record of a judgment." TEX. R. CIV. P. 329b(f) (citing TEX. R. CIV. P. 316 ("Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case....")). Accordingly, regardless of the procedural history of Anna's motion, the trial court had jurisdiction to enter a nunc pro tunc judgment to correct a clerical error, and Javier's complaint regarding the trial court's jurisdiction is overruled.

The trial court is, however, limited to correcting clerical errors. *Molina v. Molina*, 531 S.W.3d 211, 215 (Tex. App.—San Antonio 2017, no pet.) ("Once a trial court loses its plenary power over a case, it may render a judgment nunc pro tunc to correct any mistakes or misrecitals in the judgment so long as the errors corrected are clerical as opposed to judicial."). Whether an

error in a judgment is judicial or clerical is a question of law we review de novo. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986); *Molina*, 531 S.W.3d at 216. "However, what judgment was actually rendered is a question of fact for the trial judge." *Am.'s Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 877 (Tex. App.—San Antonio 1995, writ denied).

A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *See Escobar*, 711 S.W.2d at 231–32; *Molina*, 531 S.W.3d at 216; *In re A.M.C.*, 491 S.W.3d 66, 67 (Tex. App.—Houston [14th Dist.] no pet.). A clerical error does not result from judicial reasoning or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam); *Molina*, 531 S.W.3d at 216.

Thus, in a nunc pro tunc judgment, the trial court only can correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Escobar*, 711 S.W.2d at 231–32; *Molina*, 531 S.W.3d at 216. Even if the court renders a judgment incorrectly, "it cannot alter a written judgment which precisely reflects the incorrect rendition." *Escobar*, 711 S.W.2d at 232. "A judgment rendered to correct a judicial error after the trial court's plenary power has expired is void." *Molina*, 531 S.W.3d at 216. A judicial error occurs in the rendering, rather than the entering, of a judgment and arises from a mistake of law or fact that requires judicial reasoning to fix. *Escobar*, 711 S.W.2d at 231; *Molina*, 531 S.W.3d at 216.

In this case, the trial court never used the legal description of the property in verbally rendering the judgment but referred to the property on which Javier's business was located. The divorce decree generally reflects the judgment rendered by the trial court by referring only to the address of the property multiple times and noting the lien extended to the buildings and structures on the property. The erroneous legal description is contained in a single reference followed by the statement "more particularly described as 17302 Bandera Road Lot 12 Helotes, Texas 78023-3484." Therefore, the record establishes the judicial decision rendered by the trial court in 2010

was that the lien to secure the $215,573.00 judgment awarded to Anna would extend to the property awarded to Javier on which his business was located and would extend to all the buildings located on the property. Accordingly, we hold as a matter of law that the legal description in the divorce decree was a clerical error, and the trial court properly granted the nunc pro tunc correcting the reference to P-3E in the legal description by changing it to P-3F.[1] *See Ledbetter v. Ledbetter*, 390 S.W.2d 403, 404-05 (Tex. Civ. App.—Waco 1965, writ dism'd) (holding nunc pro tunc proper to correct legal description where facts were uncontroverted that judicial decision was to award husband property located on fourteen contiguous lots but two lots were omitted from legal description); *Davis v. Davis*, 647 S.W.2d 781, 783-85 (Tex. App.—Austin 1983, no writ) (holding trial court properly used nunc pro tunc to correct erroneous legal description in written judgment where trial court verbally rendered judgment regarding ownership of property "without regard to its precise legal description").[2]

In his final complaint, Javier contends the trial court erred by failing to enter written findings of fact and conclusions of law in response to his request and reminder. As Anna responds, however, a trial court's failure to respond to a timely request for written findings of fact and conclusions of law is not harmful if the appellate record shows the complaining party suffered no harm. *Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.);

---

[1] In support of his position, Javier cites *Seago v. Bell*, 764 S.W.2d 362 (Tex. App.—Beaumont 1989, no writ). In that case, the trial court ruled in favor of the Bells in a trespass to try title suit and "relied upon counsel for the Bells to draft a judgment containing a correct description of the property to be awarded to the Bells." 764 S.W.2d at 363. The property description subsequently incorporated in the judgment was incorrect, and the trial court signed a judgment nunc pro tunc correcting the property description. *Id*. On appeal, the Beaumont court reversed, holding, "Recitations or provisions alleged to have been included or omitted by a mistake of the attorney are part of the court's judgment and, therefore, are judicial errors. The trial court clearly relied upon the incorrect survey in reaching its decision as to what property to award the Bells. Therefore, the error was judicial error in the rendering of judgment." *Id.* at 364. The *Seago* case is readily distinguishable from the instant case. In the instant case, the trial court verbally rendered judgment referring to the lien being against the property on which Javier's business was located and extending to the buildings located on the property.

[2] The *Davis* court further noted, "Had the written decree simply described the property by its street address, it would clearly have been appropriate for the trial court to subsequently amend the decree to include a metes and bounds description of the property." 647 S.W.2d at 784.

*Willms v. Americas Tire Co.*, 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). When only a single ground of recovery or a single defense is presented to the trial court, the record shows the appellant has suffered no harm because he is not forced to guess the reasons for the trial court's judgment. *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 02-15-00269-CV, 2016 WL 1393026, at *1 (Tex. App.—Fort Worth Apr. 7, 2016, no pet.) (mem. op.); *Liberty Mut. Fire Ins.*, 243 S.W.3d at 794; *Willms*, 190 S.W.3d at 801-02. In this case, only a single issue was presented to the trial court, i.e., whether the error Anna sought to correct was judicial or clerical. By granting the nunc pro tunc, the trial court necessarily determined the error was clerical, and Javier has suffered no harm by the trial court's failure to enter written findings of fact and conclusions of law because he is not forced to guess at the reasons for the trial court's ruling.

## CONCLUSION

The trial court's order is affirmed.

Rebeca C. Martinez, Justice