Walter E. BOCKEMEHL, Appellant,

v.

Carolyn Lee BOCKEMEHL, Appellee.

No. 20280.

Court of Civil Appeals of Texas, Dallas.

Aug. 1, 1980.

William M. Walls, W. C. Roberts, Jr., Dallas, for appellant.

Wally Bowman, Irving, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

This appeal was taken by Walter Bockemehl from a divorce decree rendered *nunc pro tunc* which purports to correct the original decree by naming his former wife, Carolyn Bockemehl, instead of himself, as managing conservator of their son. We hold that the circumstances in this record are sufficient to show that the error was clerical rather than judicial, and, therefore, was properly corrected *nunc pro tunc.*

Walter Bockemehl does not seriously dispute the error in the original decree. The record shows that he filed the original divorce action as petitioner. On December 14, 1976, the parties and their attorneys appeared before Judge Greer Dowell for a "prove–up" hearing. Walter testified concerning the residence of the parties and the adoption of the child, and stated that the parties had agreed that Carolyn was to be named as managing conservator and that he would make support payments of $150

per month until the child should reach the age of eighteen years. He also explained to the judge the details of the parties' agreement concerning his visitation rights, division of the community property, and the attorneys' fees. Carolyn testified that she consented to the agreement and thought it fair and reasonable. The evidence was then closed, and the judge stated: "Divorce is granted." He noted on his docket, "Divorce granted, per agreed judgment."

No formal divorce decree was signed until April 22, 1977, when a draft decree approved by both attorneys was presented to and signed by a visiting judge sitting for Judge Dowell. This decree recites that evidence was heard on December 14, 1976, finds that the material allegations of the petition have been proved, grants the divorce, and further provides:

The Court finds that there was born to the parties of this marriage the following child, now under the age of eighteen years: WALTER PHILIP BOCKEMEHL, male, born April 28, 1974, Tarrant County, Texas. *The Court finds that the best interest of the child would be served by appointing Respondent as Managing Conservator, and that Petitioner should be appointed Possessory Conservator of the child, with reasonable rights of visitation. IT IS THEREFORE ORDERED that Petitioner is hereby appointed Managing Conservator of the above named child, and the Respondent is hereby appointed Possessory Conservator with reasonable rights of visitation.*

The Court further finds that Petitioner is able to and should contribute to the support of the child and that child support payments would be in the best interest of the child.

*IT IS THEREFORE ORDERED that Petitioner pay child support in the amount of $150.00 per month*, payable in $75.00 increments on the 1st and 15th of each month, beginning on the 15th day of December, 1976, and to continue on the 1st and 15th of each month thereafter until the child obtains eighteen (18) years of age, or until further Order of this Court. Said child support payments should be made payable through the Dallas County Child Support Office. IT IS FURTHER ORDERED that in addition to the above Order of child support, the Petitioner shall be required to maintain medical and hospitalization insurance on said child until such time as this child reaches the age of eighteen (18), or until further Order of this Court. [Emphasis added.]

The decree also divides the property in accordance with the agreement as shown by the testimony at the hearing.

The record further shows that after the hearing on December 14, 1976, the child remained with Carolyn except for times when Walter exercised visitation rights in accordance with their agreement. Walter also made the support payments, as agreed, until February, 1978, when Walter failed to return the child after a visitation period. Carolyn then sought a writ of habeas corpus and discovered that the divorce decree of April 22, 1977, named "Petitioner" rather than "Respondent" as managing conservator. On denial of the writ of habeas corpus, Carolyn brought the present proceeding to correct the decree by changing "Petitioner" to "Respondent" as managing conservator and "Petitioner" as possessory conservator. After hearing evidence, Judge Dowell granted the relief sought and a corrected judgment was signed, from which Walter perfected this appeal.

Walter contends that any error in the decree signed April 22, 1977, was judicial rather than clerical because Judge Dowell made no pronouncement of any decree from the bench on that date appointing Carolyn managing conservator, or even approving the parties' agreement as shown by the testimony. Accordingly, he argues, the first rendition of judgment with respect to conservatorship was when the visiting judge signed the decree on April 22, and if that decree was in error in naming "Petitioner" rather than "Respondent" as managing conservator, it was a judicial error which was not subject to correction when the decree became final on expiration of

thirty days after April 22, under such cases as *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968), and *Love v. State Bank & Trust Co.*, 126 Tex. 591, 90 S.W.2d 819, 821 (1936).

Carolyn counters that under the circumstances of this case, the judge's pronouncement on December 14, "Divorce is granted," must be interpreted as rendition of a decree which not only granted the divorce, but also approved the agreement of the parties, including the appointment of Carolyn as managing conservator, and, consequently, that the naming of the "Petitioner" as managing conservator in the decree of April 22 was a clerical error in making a proper record of the decree previously rendered, which may be corrected under such cases as *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 291–92 (1953), and *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041–42 (1912).

■ We conclude that the error was clerical rather than judicial. The question turns on what judgment was rendered at the "prove–up" hearing on December 14, 1976. If Judge Dowell then pronounced judgment approving the parties' agreement concerning custody, as they stated it for the record, but the decree signed by the visiting judge on April 22, 1977, differed from that judgment, then, under the authorities cited, Judge Dowell could properly correct the decree *nunc pro tunc.*

■ Whether the trial judge pronounced the judgment orally from the bench and the terms of the pronouncement are questions of fact. *Wood v. Paulus*, 524 S.W.2d 749, 755 (Tex.Civ.App.–Corpus Christi 1975, writ ref'd n.r.e.); *Mobley v. Rheem Mfg. Co.*, 410 S.W.2d 320, 322 (Tex.Civ.App.–Houston 1966, writ ref'd n.r.e.). Judge Dowell's findings of fact state that on December 14 the parties stipulated into the record the agreement they had reached on all issues in the case, that the court accepted and approved the agreement and made an oral pronouncement and written docket entry in open court on December 14 and did render judgment on that date. Judge Dowell further found that the written decree of divorce did not properly reflect the court's judgment as rendered on December 14 in

that the court had awarded Carolyn managing conservatorship of the child and had named Walter as possessory conservator, whereas the written decree transposed the terms "Respondent" and "Petitioner" with respect to the designation of managing conservatorship. These findings support the conclusion of a clerical error.

■ Walter contends in this court that there is no evidence to support these findings. We do not agree. Although the court reporter's record of the proceedings show only that at the end of the "prove–up" hearing the judge said, "Divorce is granted," the judge's docket has the notation, "Divorce granted, per agreed judgment." A docket notation is evidence of the judgment actually rendered and will support the correction of a later judgment *nunc pro tunc. Port Huron Engine & Thrasher Co. v. McGregor*, 103 Tex. 529, 131 S.W. 398, 399 (1910); *Hillhouse v. Allumbaugh*, 258 S.W.2d 826, 828 (Tex.Civ.App.–Eastland 1953, writ ref'd n.r.e.); *Kluck v. Spitzer*, 54 S.W.2d 1063, 1065 (Tex.Civ. App.–Waco 1932, writ ref'd). The judge may also rely on his personal recollection of the judgment he rendered, and if he corrects the written decree *nunc pro tunc*, a presumption arises that his personal recollection supports the finding of a clerical error. *Fort Worth & D. C. Ry. Co. v. Roberts*, 98 Tex. 42, 81 S.W. 25, 26 (1904); *Wood v. Paulus*, 524 S.W.2d 749, 756 (Tex. Civ.App.–Corpus Christi 1975, writ ref'd n.r. e.); *Kostura v. Kostura*, 469 S.W.2d 196, 198 (Tex.Civ.App.–Dallas 1971, writ dism'd); *S. W. Slayden & Co. v. Palmo*, 90 S.W. 908, 909 (Tex.Civ.App.1905), aff'd 100 Tex. 13, 92 S.W. 796 (1906). In view of these authorities, we cannot reverse the judgment *nunc pro tunc* on the ground that there is no evidence to support the finding that the court appointed Carolyn as managing conservator in December.

■ This conclusion is not contrary to the court reporter's record, which shows only that the judge said "Divorce is granted." Since the conservatorship issue was presented in the pleadings and was covered by the

agreement which the parties stated for the record, it is unreasonable to interpret his pronouncement as concerning only dissolution of the marriage and as reserving appointment of the managing conservator for later consideration. In the context of the hearing, that pronouncement may be taken as approval of the parties' agreement concerning conservatorship. At least, the judge was justified in so construing it at the later hearing on the motion for judgment *nunc pro tunc*. In this connection the docket notation, "Divorce granted, per agreed judgment," does not necessarily refer to a written decree to be submitted later. It may be taken as approval of the judgment which the parties had already agreed to orally in open court.

Further evidence of a clerical mistake is provided by the provisions of the written decree. That decree does not simply differ from the agreement stated to the court on December 14. It contains contradictions on its face. Although it appoints "Petitioner" as managing conservator and names "Respondent" as possessory conservator, it orders "Petitioner" to pay child support of $150 per month through the Dallas County Child Support Office and recites that the best interest of the child would be served by appointing "Respondent" as managing conservator. In the light of the agreement of the parties as recorded on December 14, the only reasonable explanation is that adopted by Judge Dowell in his findings of fact, namely, that the decree transposed the terms "Respondent" and "Petitioner" with respect to the designation of managing conservatorship, a clearly clerical mistake.

We also have before us Carolyn's motion to dismiss this appeal as moot in view of a supplemental transcript which shows that a proceeding is now pending to modify the conservatorship provision of the original divorce decree and that an order has been entered in that proceeding naming Carolyn temporary managing conservator and allowing Walter certain visitation privileges. Carolyn does not assert that the *nunc pro tunc* decree is moot, but only that the appeal is moot because that decree has been superseded by the temporary conservatorship order.

■ We do not agree that the appeal is moot. If the proceeding to correct the original decree *nunc pro tunc* were moot, we would not dismiss the appeal, but would vacate the *nunc pro tunc* decree, without prejudice, leaving the original decree standing and subject to modification in the present proceeding in the trial court. Dismissal of the appeal would leave the *nunc pro tunc* decree standing, and thus be equivalent to affirmance. *See Employees Finance Co. v. Lathram*, 369 S.W.2d 927 (Tex.1963); *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725 (1958); State Bar of Texas, Appellate Procedure in Texas, § 18.3 (2d ed.1979).

■ We conclude that the temporary conservatorship order does not render either the *nunc pro tunc* decree or this appeal moot. If the *nunc pro tunc* order is affirmed, then it relates back to the original divorce decree rendered on December 14, 1976, and Walter has the burden in the pending modification proceeding of showing a change of conditions in his favor since that time. On the other hand, if the *nunc pro tunc* decree is reversed, Carolyn has the burden of showing a change of conditions in her favor. Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1980). This showing may be difficult, since the original decree recites a finding that the best interest of the child at that time would be served by appointing her managing conservator. *Cf. Bergerac v. Maloney*, 556 S.W.2d 586 (Tex.Civ.App.–Dallas 1977, writ dism'd) (movant has burden to produce evidence showing change of conditions requiring increased support). Consequently, we overrule the motion to dismiss the appeal.

Motion to dismiss overruled and decree *nunc pro tunc* affirmed.