

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-241-CV

IN THE INTEREST OF

M.G.F, A CHILD

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Marvin Fulkerson appeals from the trial court's order denying his motion to sign an order reducing his child support obligation and from a judgment confirming a support arrearage of $48,868.08. We affirm.

### Background

Marvin Fulkerson and Linda Jordan divorced in 1993. The final divorce decree ordered Fulkerson to pay $544 per month as child support for the

---

[1] *See* TEX. R. APP. P. 47.4.

benefit of his and Jordan's minor son, M.G.F. On September 8, 1995, the trial court held a hearing at which the parties orally presented an agreement to reduce Fulkerson's child support obligation from $544 to $338 per month from April 26, 1995, through the date of the hearing and to $362 thereafter. Fulkerson also agreed to furnish Jordan a copy of his 1995 tax return as evidence of his income, and Jordan agreed to provide Fulkerson proof of her actual cost of providing health insurance for M.G.F. within thirty days of the hearing. Both parties were sworn and testified that they accepted the agreement. At the conclusion of the hearing, the trial court stated on the record,

> The Court will approve the agreement as stated here on the record in open court and approved by both parties in front of the Court, and I find that to be at this time in the best interest of the child, and I will sign a written order to that effect.
>
> Who wishes to prepare it?

The trial court made the following entry on its docket sheet: "9-08-95 Agreed order modifying child support. J. Pavlik."

In response to the trial court's question, "Who wishes to prepare [a written order]," Fulkerson's attorney stated that he had already prepared an order but that he needed to revise it and send it to opposing counsel for review. But after the hearing, Fulkerson's counsel sent a letter to Jordan's counsel

2

stating that the $362 recited in the oral agreement was a mistake and proposing that the support obligation be reduced to $326.50. He later sent another letter stating that the child support due for April to September 1995 should be further reduced. The parties did not submit a written order to the trial court, and Fulkerson did not furnish Jordan with a copy of his 1995 tax return.

In January 2005, the Attorney General filed a motion to confirm Fulkerson's child support arrearage, alleging an arrearage of $50,846.70 based on a child support obligation of $544 per month through November 30, 2003, the date on which M.F.G. turned eighteen. In response, Fulkerson filed an answer and a "Motion to Sign Agreed Order Modifying Child Support."

On March 19, 2007, the trial court heard the Attorney General's motion to confirm the support arrearage and Fulkerson's motion to sign an agreed order. The Attorney General offered evidence of Fulkerson's payment record and arrearage based on a support obligation of $544 per month through November 2003. Most of the hearing, however, concerned the parties' 1995 agreement and whether the trial court had orally rendered a judgment approving the agreement. Fulkerson argued that the trial court had orally rendered a final judgment approving the agreement at the conclusion of the 1995 hearing. Jordan and the Attorney General argued that the agreement was merely

3

tentative because it was contingent upon the parties' exchanging documentation after the 1995 hearing.

On March 22, 2007, the trial court signed an order denying Fulkerson's motion to sign an agreed order, and on April 10, 2007, it signed an order confirming a child support arrearage of $48,868.08 as of February 28, 2007—the amount calculated by the Attorney General for that date based on a monthly support obligation of $544. Fulkerson filed a request for findings of fact and conclusions of law, a motion for new trial, and, later, a notice of appeal.

After Fulkerson filed his brief on appeal, the Attorney General filed an agreed motion to abate the appeal for findings of fact and conclusions of law. We granted the motion, and the trial court filed findings of fact and conclusions of law.[2] The trial court found that it did not orally render judgment at the September 8, 1995 hearing; that its docket entry of the same date was not a rendition of judgment; and that the parties' 1995 agreement was contingent upon Fulkerson's providing Jordan with proof of diminished income, which he

---

[2] This renders moot Fulkerson's fifth issue on appeal, in which he argues that we should abate the appeal for findings of fact and conclusions of law, and we overrule his fifth issue.

4

failed to do. We gave Fulkerson the opportunity to file a supplemental or amended brief, but he has not done so.

**Discussion**

In his first issue, Fulkerson argues that the trial court rendered judgment on the agreed child support reduction on September 8, 1995, orally and by its docket entry.

The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995). In a suit affecting the parent-child relationship, a trial court may render judgment orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument. TEX. FAM. CODE ANN. § 101.026 (Vernon 2002).

A trial court's intention to render judgment in the future cannot be a present rendition of judgment. *S & A Rest. Corp.*, 892 S.W.2d at 858. The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *Id.* Thus, the words, "[Y]our divorce *is* granted," constitute a rendition of judgment, *In re Marriage of Joyner*, 196 S.W.3d 883, 887 (Tex. App. — Texarkana 2006, pet. denied) (emphasis added), but the words, "I *am going to* grant the divorce in this case," do not, *James v.*

5

*Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (emphasis added).

Whether a particular action constitutes a rendition of judgment is a question of fact. *Joyner*, 196 S.W.3d at 887 (citing *Bockemehl v. Bockemehl*, 604 S.W.2d 466, 469 (Tex. Civ. App.—Dallas 1980, no writ)). When a trial court makes findings of fact, its findings are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). When, as here, findings of fact are filed and are unchallenged, they occupy the same position and are entitled to the same weight as the verdict of a jury; they are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Raman Chandler Props., L.C. v. Caldwell's Creek Homeowners Ass'n, Inc.*, 178 S.W.3d 384, 390 (Tex. App.—Fort Worth 2005, pet. denied). Here, the trial court made findings of fact that it did not orally render judgment on the agreed child support reduction at the September 8, 1995 hearing and that its docket entry was not a rendition of judgment, and Fulkerson has not challenged these findings.

There is some evidence to support the trial court's finding that its oral pronouncement on the record on September 8, 1995, did not constitute a rendition of judgment. The trial court said, "The Court *will* approve the agreement . . ., and I *will* sign a written order to that effect." [Emphasis added] The trial court's use of the words "will approve" and "will sign" indicate an intent to render judgment in the future. *Cf. James*, 21 S.W.3d at 561. The trial court's oral pronouncement of its intention to render judgment in the future could not be a present rendition of judgment. *See S & A Rest. Corp.*, 892 S.W.2d at 858.

The trial court also found that its docket entry was not a rendition of judgment. The record supports this finding, too. The docket entry merely states,"Agreed order modifying child support," without any indication of what the trial court's ruling—if any—might have been. Thus, the docket entry reflects no present intent to render a judgment of any kind. *See id.*

We hold that the record supports the trial court's findings that it did not render judgment orally or by its docket sheet notation on September 8, 1995, and we overrule Fulkerson's first issue.

In his second issue, Fulkerson argues that the trial court erred by denying his 2007 motion to sign a written order reflecting the parties' agreement pronounced on the record on September 8, 1995, because the oral agreement

7

is an enforceable rule 11 agreement. *See* TEX. R. CIV. P. 11 (providing that agreements between parties are enforceable if made in open court and entered of record). But a judgment cannot be rendered on an agreement, even if it complies with Rule 11, after any party has withdrawn consent to the agreement. *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984). It is apparent from the record of the March 19, 2007 hearing that Jordan had withdrawn her consent to the September 8, 1995 agreement because Fulkerson had failed to provide her with a copy of his 1995 tax return showing his decreased income. Therefore, we hold that the trial court did not err by denying Fulkerson's 2007 motion to sign a written order reflecting the 1995 agreement, and we overrule his second issue. Having overruled Fulkerson's first and second issues, we also overrule his third, in which he argues that the trial court erred by not reducing his child support arrearage in accordance with the 1995 agreement.

In his fourth issue, Fulkerson argues that the trial court erred by excluding evidence of its September 8, 1995 docket entry. The record is somewhat unclear, but it appears that the trial court sustained an objection when Fulkerson's present attorney asked the attorney who represented him in 1995 to refresh his memory by looking at the 1995 docket entry. But the trial court later took judicial notice of its own file. Moreover, we have already held that

8

the docket entry did not constitute a rendition of judgment; thus, even if the trial court erred by sustaining the objection, Fulkerson has failed to show harm. *See* TEX. R. APP. P. 44.1 (providing that no judgment may be reversed on the ground that the trial court made an error of law unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal). We therefore overrule his fourth issue.

## Conclusion

Having overruled all of Fulkerson's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:    GARDNER, HOLMAN, and WALKER, JJ.

DELIVERED:  August 28, 2008