

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-00331-CV
_____

BERNARDO REYES, APPELLANT

V.

OLGA REYES, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 67,095-D; Honorable Don Emerson, Presiding

June 3, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Bernardo Reyes, appeals the trial court's *Corrected Nunc Pro Tunc Order* [sic] *Final Decree of Divorce* signed on May 1, 2012.[1]  Presenting two issues, he maintains (1) the trial court erred in granting Appellee's, Olga Reyes's, request for the

---

[1] A *nunc pro tunc* decree was signed on April 20, 2012, but was mistakenly dated "2014."  Hence, the corrected *nunc pro tunc* decree.

*nunc pro tunc* decree and (2) even if the trial court correctly signed the *nunc pro tunc* decree, it erred in creating a new start date for payment of child support.  We affirm.

## BACKGROUND

Bernardo and Olga began divorce proceedings in 2003, and at the time, had a twelve-year-old daughter.  On November 30, 2004, the trial court announced in open court it was granting the divorce and ordered, among other things, that Bernardo pay Olga $230 per month for child support.  After years of procedural delays, on March 20, 2007, the trial court reduced its pronouncement to writing and signed a final decree of divorce.  The parties were appointed joint managing conservators, and Olga was given the right to establish her daughter's primary residence.  The decree, however, ordered her to pay Bernardo, the non-custodial parent, child support.  Specifically, the decree recited:

> IT IS ORDERED that OLGA REYES is obligated to pay and shall pay to BERNARDO REYES child support of $230.00 per month, with the first payment being due and payable on April 1, 2006 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below . . . .

In January 2010, Olga filed a document entitled "*Motion for Enforcement of Child Support Order and Motion for Clarification of Child Support Order and/or Motion for Judgment Nunc Pro Tunc.*"  The motion sets forth the relevant portions of the 2007 decree that ordered her to pay child support and have it withheld from her earnings.  She asserted Bernardo was in arrears in the amount $10,580.  By the *Motion for*

2

*Judgment Nunc Pro Tunc*, she alleged Bernardo should have been ordered to pay child support to her as of December 1, 2006.[2]

Following a hearing on Olga's motions, the trial court entered a corrected *nunc pro tunc* decree changing the name of the parent responsible for paying child support from Olga to Bernardo. *Findings of Fact and Conclusions of Law* were entered in which the trial court found:

E. It is the standard practice of the court, except when exigent circumstances are shown by one or both parties, to award child support to the party having the right to establish the primary residence of the child or children. In this case there is no evidence that any exigent circumstances exist that would cause the court to deviate from the accepted practice.

F. It is clearly manifested by the official court report's [sic] audio recording of the hearing on November 20, 2004, and a transcription of that audio recording, that the court specifically ordered Bernardo Reyes to pay to Olga Reyes the amount of $230 per month in child support.

G. The evidence is clear and convincing that on November 20, 2004, in open court, judgment was rendered ordering Bernardo Reyes pay to Olga Reyes the sum of $230 per month as child support.

H. The error in the judgment signed on March 20, 2007, ordering Olga Reyes to pay Bernardo Reyes $230 child support each month was a clerical error.

By two issues, Bernardo challenges the validity of the trial court's *Corrected Nunc Pro Tunc Order* [sic] *Final Decree of Divorce* and findings of fact entered in support thereof. First, he maintains the trial court erred in signing the *nunc pro tunc* decree because the changes made were substantive and therefore, not clerical. Next, he argues that if a change in the obligor is upheld, error remains because the trial court

---

[2] In 2011, a confirmation on *Judgment on Arrears* in the amount of $11,572.45 was entered in favor of the Office of Attorney General and against Appellee on her obligation to pay child support. The judgment included an order to withhold income to satisfy the delinquent child support. The suit for child support was later non-suited by the Attorney General.

arbitrarily changed the starting date for commencement of child support payments from April 1, 2006, to December 1, 2004. We disagree.

## STANDARD OF REVIEW

On expiration of a trial court's plenary power, a judgment cannot be set aside. TEX. R. CIV. P. 329b(f). However, the trial court may at any time correct a clerical error in the record of a judgment and render judgment *nunc pro tunc* under Rule 316 of the Texas Rules of Civil Procedure.[3] *Id.* A clerical error is a mistake occurring in the reduction of the judgment to writing, the correction of which does not result from judicial reasoning or determination but rather an examination of whether the writing properly reflects the judgment as actually rendered. *Burgess v. Burgess*, 834 S.W.2d 538, 540 (Tex. App.—Houston [1st Dist.] 1992, no writ). A judgment is "rendered" when the trial court announces its decision in open court. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976).

Determining whether a given error is clerical or judicial is a question of law, and the trial court's determination of the nature of the error is not binding on an appellate court. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968). The distinction between clerical and judicial error does not depend on the seriousness of the error . . . but on whether it was the result of judicial reasoning and determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986). Substantive changes in a judgment are generally held to be judicial errors that cannot be corrected after the trial court loses plenary power. *Finlay*, 435 S.W.2d at 138-39. Section 157.423 of the Texas Family Code provides that

---

[3] Rule 316 sets forth the procedure for correcting a clerical mistake in a judgment.

a court may not make substantive changes to an order *via* a motion to clarify. TEX. FAM. CODE ANN. § 175.423 (West 2014).

## ANALYSIS

During the 2012 hearing on Olga's motions, she testified the trial court ordered Bernardo to pay her child support in 2004 when the decree of divorce was rendered in open court. During his direct examination, Bernardo testified to the contrary. However, when the trial court commented to him, "[t]he bottom line is you never paid any child support," Bernardo responded that he did. According to the record, he sent three payments directly to San Antonio and not through the Attorney General's office.[4] Olga confirmed he made three payments. Bernardo stated his "lawyer said not to pay no more." According to Bernardo, he went to his lawyer's office because he was insistent on paying and wanted to know why he no longer needed to pay.

Pages twelve and thirteen of the March 20, 2007 decree regarding child support ordered Olga to pay Bernardo and further ordered her employer to withhold her earnings to pay child support. However, beginning at page fifteen of the decree, paragraph 3 provided twice that "BERNARDO REYES is ORDERED to pay as *additional child support* to OLGA REYES the actual cost of participation" of their daughter in a state child health plan as long as the daughter is participating. (Emphasis added). The word "additional" infers that Bernardo was already obligated to pay some child support.

---

[4] The office for remittance of child support is in San Antonio.

Relying on *In re Ward*, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004, no pet.), and section 157.423 of the Family Code, Bernardo asserts the changes made in the *nunc pro tunc* decree are substantive and therefore, unenforceable. While we agree that substantive changes to an order after a trial court's plenary power expires are unenforceable, we disagree with Bernardo's analysis.

A judge may rely on his personal recollection of the judgment rendered, and if he corrects the written decree *nunc pro tunc*, a presumption arises that his personal recollection supports the finding of a clerical error. *Bockemehl v. Bockemehl*, 604 S.W.2d 466, 469-70 (Tex. Civ. App.—Dallas 1980, no writ).[5] In the underlying case, the trial court's findings that it is standard practice to award child support to the party having the right to establish the child's primary residence and that it specifically ordered Bernardo to pay Olga child support of $230 per month on November 20, 2004, based on the official court reporter's audio recording support the conclusion that clerical errors, i.e., transposing the parties' names, were made in the March 20, 2007 decree.

Bernardo's admission that he initially began making payments until told to stop by his lawyer and his insistence to his lawyer that he pay, supports the trial court's findings that clerical errors were made. The trial court did not impose an obligation on Bernardo to pay where no such obligation previously existed. To have done so would have been a substantive change. *In re Ward*, 137 S.W.3d at 913.

Regarding the change in the start date for child support payments from April 1, 2006, to December 1, 2004, is also a clerical error which did not require judicial

---

[5] In *Bockemehl,* the terms "Petitioner" and "Respondent" had been transposed in the divorce decree which affected conservatorship rights. Based on the trial court's oral pronouncement when the divorce was granted, the error was found to be clerical rather than judicial. 604 S.W.2d at 469.

reasoning. The trial court found that on November 20, 2004, in open court, it had ordered Bernardo to pay Olga $230 per month. Logic dictates that payments would commence on the first day of the following month. The errors in the March 20, 2007 decree arose from the written decree failing to properly reflect the judgment as rendered on November 20, 2004, making the errors clerical and not the result of judicial reasoning. Issues one and two are overruled.

## CONCLUSION

We conclude the trial court did not err in granting Olga Reyes's motion to correct clerical errors in the March 20, 2007 decree. Accordingly, we affirm in its entirety the *Corrected Nunc Pro Tunc Order* [sic] *Final Decree of Divorce* signed on May 1, 2012.


Patrick A. Pirtle
Justice