# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00200-CV

Eva Ramirez, Appellant

v.

Eddie Ramirez, Jr., Appellee

FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
NO. 16-2919-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Eva Ramirez appeals from the trial court's order granting Eddie Ramirez, Jr.'s motion for judgment nunc pro tunc and the trial court's related qualified domestic relations order (QDRO) signed on the same day.[1]  Eva argues that the mistakes in the parties' agreed final decree of divorce (the decree), if any, were judicial errors and, thus, could not be corrected by a judgment nunc pro tunc.  For the following reasons, we affirm the challenged orders.

## Background

Eddie filed a petition for divorce in September 2016.  The parties entered into an informal settlement agreement (ISA), resolving all issues related to their children and the division of their assets and debts.  Both parties and their attorneys signed the ISA and filed it with the trial

---

[1]  Because the parties have the same last name, we refer to them by their first names.

court in October 2016. Relevant to this appeal, the ISA included the following agreement as to the division of Eddie's 401(k) from State Farm Insurance (the 401(k)):

> Wife is awarded . . . a portion of the Husband's 401k from State Farm Insurance that portion being $32,040.50 as of the date of this agreement, September 30, 2016. A QDRO [qualified domestic relations order] will be submitted to the Court for entry to effect the division of the Husband's 401k.
>
> Husband is awarded . . . a portion of the 401k from State Farm, that portion being 100% of the remainder after the award to Wife above, in the approximate amount of $167,606.50.

On December 29, 2016, the Honorable Rick J. Kennon held a prove-up hearing in which he granted the parties' divorce and signed the decree. Eddie's counsel and Eva appeared for the hearing. The parties waived the making of a record of testimony at the hearing, but the "Judge's Docket Entry" from the hearing states:

> Agreed Divorce; Petitioner appeared with attorney; Respondent filed Answer and signed Decree; Informal Settlement Agreement filed; Evidence presented; 2 children; Attorney confirmed that decree complied with settlement agreement; Divorce granted and provisions regarding children and property approved; Signed Agreed Final Decree of Divorce; Signed Two QDRO s and Order Withholding (RK).

Both parties signed the decree as to form and substance, and their respective counsel signed as to form only. In the decree, the trial court made the following findings as to the ISA:

> The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached pursuant to the informal settlement process. This Final Decree of Divorce is stipulated to represent a merger of an informal settlement agreement between the parties. To the extent there exist any differences between the informal settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

In conflict with the terms of the ISA, however, the 401(k) was divided between the parties as follows in the decree:

IT IS ORDERED AND DECREED that the husband, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property: . . . .

A portion of Eddie Ramirez, Jr.'s retirement benefits in State Farm 401(k) arising out of Eddie Ramirez, Jr.'s employment with State Farm as of September 30, 2016, that portion being $32,040.50, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

* * *

IT IS ORDERED AND DECREED that the wife, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property: . . . .

A portion of Eddie Ramirez, Jr.'s retirement benefits in State Farm 401(k) arising out of Eddie Ramirez, Jr.'s employment with State Farm as of September 30, 2016, that portion being fifty percent (50%), together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

Although the decree states that a QDRO regarding the 401(k) would be signed on the same day as the decree and the trial court signed separate QDROs regarding different assets on the same day, the trial court did not sign a QDRO regarding the 401(k) at that time. Neither party appealed the decree.

3

After the trial court's plenary power expired, Eddie filed a motion for judgment nunc pro tunc. *See* Tex. R. Civ. P. 329b(d) (providing that trial court "has plenary power . . . to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed").[2] He contended that the decree was incorrect because it contained a clerical error as to the division of the 401(k). At a hearing in December 2017, the Honorable John McMaster considered the motion. Eddie's counsel, Eva, and Eva's counsel were present for the hearing. The trial court at the hearing heard testimony from Eva. She testified that she did not believe that the decree contained mistakes and agreed when asked if it should stand as signed by the court in December 2016.

Disagreeing with Eva's position that the decree did not contain mistakes, Eddie's counsel, who had drafted the decree, explained to the court at the hearing how she made the drafting errors in the decree. She represented to the court that she prepared the decree and three QDROs, including one addressing the 401(k) in conformity with the ISA, but that she made an "inadvertent but clearly a clerical error" when she "put a place holder in intending to go back in and change it when it was in Word, and it won't let you do that." She also represented that she forwarded the documents to Eva's counsel and that Eva's counsel returned the other two QDROs and the decree with signatures but not the QDRO regarding the 401(k) prior to the hearing in December 2016.

---

[2] In August 2017, Eddie filed a motion to enter a post-divorce domestic relations order and a motion for judgment nunc pro tunc regarding the division of the 401(k) between the parties, and the trial court signed an order granting his motion, a judgment nunc pro tunc, and a QDRO in September 2017. Shortly thereafter, however, Eddie filed a notice of void orders because of lack of service and notice to Eva, and he filed a first amended motion to enter a judgment nunc pro tunc and a first amended motion to enter a post-divorce domestic relations order and then a second amended motion to enter a judgment nunc pro tunc or, in the alternative, a motion for clarification of division of property.

Shortly after the hearing in December 2017, Judge McMaster advised the parties by letter that he found the error between the ISA and the decree to be "a scrivener's error in drafting (i.e. a clerical error)" and that he was granting Eddie's motion for judgment nunc pro tunc. Consistent with his letter ruling, he signed an order granting Eddie's motion, a nunc pro tunc final decree of divorce (the decree nunc pro tunc), and a QDRO dividing the 401(k) in conformity with the ISA and the decree nunc pro tunc. *See* Tex. Fam. Code § 9.101 (stating that trial court that rendered final decree of divorce retains continuing, exclusive jurisdiction to render enforceable QDROs). In the order granting the motion for judgment nunc pro tunc, he found that "the error between the settlement agreement and the decree entered on 12/29/16 was a scrivener's error in drafting (i.e. a clerical error)" and "that on December 29, 2016, Judge Kennon accepted the parties' settlement agreement and confirmed that the decree to be entered conformed to that agreement, making a docket entry confirming same."

Consistent with the terms of the ISA, the 401(k) was divided as follows in the decree nunc pro tunc:

IT IS ORDERED AND DECREED that the husband, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property: . . . .

A portion of Eddie Ramirez, Jr.'s retirement benefits in State Farm 401(k) arising out of Eddie Ramirez, Jr.'s employment with State Farm as of September 30, 2016, that portion being all monies remaining after the $32,040.50, awarded to Wife herein, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Nunc Pro Tunc Final Decree of Divorce is signed.

* * *

5

IT IS ORDERED AND DECREED that the wife, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property: . . . .

A portion of Eddie Ramirez, Jr.'s retirement benefits in State Farm 401(k) arising out of Eddie Ramirez, Jr.'s employment with State Farm as of September 30, 2016, that amount being $32,040.50, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Nunc Pro Tunc Final Decree of Divorce is signed.

Eva filed a motion for new trial and a request for findings of fact and conclusions of law. The trial court denied her motion for new trial. The trial court also made findings of fact and conclusions of law in support of the decree nunc pro tunc. This appeal followed.

**Analysis**

**Standard of Review and Applicable Law**

After a trial court's plenary power has expired, the trial court may not correct a judicial error, but it may correct a clerical error in a judgment by entering a judgment nunc pro tunc. *Texas Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *see* Tex. R. Civ. P. 316, 329b(d), (f). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered, and does not arise from judicial reasoning or determination." *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see A.P.I. Pipe & Supply*, 397 S.W.3d at 167; *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam). "Even a significant alteration to the original judgment may be accomplished through a judgment nunc pro tunc so long as it merely corrects a clerical error." *A.P.I. Pipe & Supply*, 397 S.W.3d at 167. "If 'the

6

signed judgment inaccurately reflects the true decision of the court,' then 'the error is clerical and may be corrected.'" *Id.* (quoting *Andrews*, 702 S.W.2d at 586); *see In re Russell*, 556 S.W.3d 451, 455–56 & n.7 (Tex. App.—Houston [14th Dist.] July 31, 2018, no pet.) (collecting cases in which court found clerical error in judgment that supported judgment nunc pro tunc, providing examples of clerical errors, and explaining that "clerical error does not result from judicial reasoning or determination").

"A judicial error, on the other hand, occurs in the rendering, as opposed to the entering, of a judgment." *Lopez*, 288 S.W.3d at 184–85 (citing *Escobar*, 711 S.W.2d at 231); *see In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding) (explaining that "only errors made in entering a judgment are clerical; an error in rendition is judicial"). "It arises from a mistake of law or fact that requires judicial reasoning to correct." *Lopez*, 288 S.W.3d at 184–85. A judgment that corrects a judicial error after the trial court's plenary power has expired is void. *A.P.I. Pipe & Supply*, 397 S.W.3d at 167; *Lopez*, 288 S.W.3d at 185; *see Russell*, 556 S.W.3d at 456–57 & n.8–9 (explaining that, "[e]ven if the court renders judgment incorrectly, it cannot, nunc pro tunc, alter a written judgment that precisely reflects the incorrect rendition" and that "attempted nunc pro tunc judgment rendered to correct a judicial error after plenary power has expired is void for lack of jurisdiction"; collecting cases in which court found that error in judgment was judicial; and concluding that judgment nunc pro tunc was void because error was judicial).

Whether an error is clerical or judicial is a question of law. *Escobar*, 711 S.W.2d at 232. "However, whether the court pronounced judgment orally and the terms of the pronouncement are questions of fact." *Id.* "The judicial or clerical question becomes a question of law only after

7

the trial court factually determines whether it previously rendered judgment and the judgment's contents." *Id.* "Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Garza v. Texas Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002) (citation omitted); *see Molina v. Molina*, 531 S.W.3d 211, 216 (Tex. App.—San Antonio 2017, no pet.) (explaining that "court renders a judgment when it 'officially announces its decision in open court or by written memorandum filed with the clerk'" (quoting *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995))).

We review a trial court's factual determinations on whether a judgment was rendered and, if so, its contents, for legal and factual sufficiency of the evidence. *Lopez*, 288 S.W.3d at 185; *see Escobar*, 711 S.W.2d at 232 (explaining that "[a]ppellate courts may only review for no evidence and factual insufficiency of the evidence the trial court's factual determinations on whether a judgment has been rendered"); *Roan v. Roan*, No. 03-09-00155-CV, 2010 Tex. App. LEXIS 8699, at *9–10 (Tex. App.—Austin Oct. 28, 2010, no pet.) (mem. op.) (reviewing trial court's findings "whether the court rendered judgment previously and the exact terms of that judgment" under traditional standards of evidentiary sufficiency); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 810, 827 (Tex. 2005) (describing legal sufficiency standard of review); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency standard of review). "Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection." *Lopez,* 288 S.W.3d at 185. "Proof of clerical error must

be clear, satisfying, and convincing." *Roan*, 2010 Tex. App. LEXIS 8699, at *13 (citing *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.)).

**The Division of the 401(k)**

In two issues, Eva argues that the trial court abused its discretion by impliedly finding that Judge Kennon rendered judgment on the parties' ISA and that the trial court erred by concluding that the error between the ISA and the decree was clerical. In her first issue, Eva argues that the evidence was legally insufficient that Judge Kennon rendered judgment on the ISA because the only evidence of such rendition is a docket note that contradicts the terms of the decree. In her second issue, she argues that the mistakes in the decree, if any, were judicial errors because they "occurred in the rendition of the judgment due to the mistake of an attorney and not the entry of judgment" and, thus, cannot be corrected by nunc pro tunc. According to Eva, "[a]ny error as contained in a written agreed judgment is a judicial error and may not be corrected by a judgment nunc pro tunc."

As support for her position that rendition of judgment occurred when Judge Kennon signed the decree, Eva focuses on Eddie's statement in his briefing that Judge Kennon "did not state in open court that the ISA was approved" at the hearing in December 2016 and the lack of an express finding by the trial court that Judge Kennon rendered judgment on the ISA or otherwise rendered judgment awarding Eva $32,040.50 and Eddie the remainder of the 401(k). Among its findings of fact, the trial court found:

- The parties entered into an Informal Settlement Agreement which was filed with the Court on October 26, 2016.

9

- The Informal Settlement Agreement addressed and resolved all issues related to the children, and all issues related to division of assets and debts of the parties.

- On December 29, 2016 the Honorable Rick J. Kennon granted the parties' divorce, accepted the parties' Informal Settlement Agreement and confirmed that the decree to be entered conformed to that agreement, making a docket entry reflecting same.

- The discrepancy between the Informal Settlement Agreement and the Final Decree of Divorce entered on December 29, 2016 was a scrivener's error in drafting (i.e. a clerical error); the appropriate remedy to correct a clerical error is a nunc pro tunc.

We agree with Eva that the trial court did not make an express finding that Judge Kennon rendered judgment on the ISA or otherwise rendered judgment awarding Eva $32,040.50 and Eddie the remainder of the 401(k) so we imply this finding. *See* Tex. R. Civ. P. 299 (addressing omitted findings); *Bruce v. Bruce*, No. 03-16-00581-CV, 2017 Tex. App. LEXIS 4834, at *6 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.) ("Any omitted findings that are supported by the evidence may be supplied by a presumption in support of the judgment."); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (explaining that generally "all facts necessary to support the judgment and supported by the evidence are implied" when trial court does not issue findings of fact and that implied findings may be challenged for legal and factual sufficiency). We turn then to our review of the evidence to determine if it was legally sufficient to support the challenged implied finding and if there was "clear, satisfying, and convincing" proof that the error in the decree as to the division of the 401(k) was clerical. *See City of Keller*, 168 S.W.3d at 810, 827; *Escobar*, 711 S.W.2d at 232 (reviewing whether error was clerical or judicial as question of law); *Roan*, 2010 Tex. App. LEXIS 8699, at *13 (requiring proof of clerical error to be

"clear, satisfying, and convincing"); *see also BMC Software Belg.*, 83 S.W.3d at 795 (explaining that appellant may not challenge legal conclusions for factual sufficiency but that appellate court "may review the trial court's legal conclusions drawn from the facts to determine their correctness").

As a preliminary matter, we observe that, in the context of this case, the fact that Eddie's counsel drafted the decree that Judge Kennon signed does not mandate that the error in the decree regarding the 401(k) was a judicial error. *See Newsom v. Petrilli*, 919 S.W.2d 481, 483 (Tex. App.—Austin 1996, no writ) (rejecting interpretation of opinion in *Dikeman v. Snell*, 490 S.W.2d 183 (Tex. 1973), that would support proposition that "error made in a judgment prepared by an attorney becomes 'judicial' error when the judgment is entered by the court" because that interpretation "would eliminate any possibility of clerical error, since almost all judgments today are drafted by the successful attorney for the judge's signature"); *cf. In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (explaining that rendition of judgment was reflected in writing when party presented written judgment to judge who signed it without any type of hearing or discussion and, in that context, stating that "drafting error by a party's attorney does not constitute 'clerical error'" (citing *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 879 (Tex. App.—San Antonio 1995, writ denied))).

We further observe, again in the context of this case, that the fact that the decree was agreed to and signed by the parties and their counsel does not dictate that the error in the decree was judicial. *See, e.g.*, *Rawlins v. Rawlins*, 324 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2010, no pet.), *abrogated on other grounds by In re A.M.C.*, 491 S.W.3d 62, 67 n.7 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (explaining that appellate court abated appeal to ascertain

11

when trial court rendered judgment and contents of judgment in context of agreed final decree of divorce); *Davis v. Davis*, 647 S.W.2d 781, 782–83 (Tex. App.—Austin 1983, no writ) (affirming judgment nunc pro tunc that corrected property division in context of original divorce decree that "was prepared and signed by appellee's attorney and signed by appellant"); *Bockemehl v. Bockemehl*, 604 S.W.2d 466, 468–70 (Tex. App.—Dallas 1980, no writ) (affirming divorce decree nunc pro tunc and concluding that error in agreed original divorce decree regarding conservatorship of child was clerical); *cf. Roman Catholic Diocese of Dall. v. County of Dall. Tax Collector*, 228 S.W.3d 475, 478–79 (Tex. App.—Dallas 2007, no pet.) (concluding, based on "agreed stipulated facts," that agreed nunc pro tunc judgment was void because judge's act of signing agreed original judgment constituted rendition of judgment).

Among the evidence on which the trial court relied to support its finding of clerical error was the judge's docket entry from the December 2016 hearing. *See Garza*, 89 S.W.3d at 6 (explaining that judgment may be rendered in open court); *Escobar*, 711 S.W.2d at 232 (explaining that docket entry may be some evidence of judgment that was rendered and its contents); *Lopez*, 288 S.W.3d at 185 (stating that docket entry is properly considered in determining if clerical error was made in judgment); *Davis*, 647 S.W.2d at 783 ("Docket entries may be examined to determine the meaning of the terms used by a trial court when a judgment is rendered."). The judge's docket entry expressly reflects chronologically that: (i) the proceeding was an "Agreed Divorce" with "Informal Settlement Agreement filed"; (ii) the trial judge received evidence; (iii) the "Attorney confirmed that decree complied with settlement agreement"; (iv) the trial judge granted the parties'

divorce and approved the "provisions regarding children and property"; and (v) the trial court signed the agreed decree and two QDROs, as well as a withholding order.

Eva argues that the judge's docket entry is not evidence that Judge Kennon rendered judgment on the ISA, focusing on the lack of a transcript from the December 2016 hearing, the lack of evidence that the judge's docket entry was brought to the public's attention, and the inaccuracy in the entry that "Petitioner appeared with attorney" when Eddie was not present for the hearing. On this record, however, we conclude that the judge's docket entry is some evidence supporting the challenged implied finding. *See Bockemehl*, 604 S.W.2d at 469 (relying in part on docket entry that "Divorce granted, per agreed judgment" to conclude clerical error in divorce decree); *see also In re M.V.*, No. 14-08-00418-CV, 2009 Tex. App. LEXIS 7051, at *2, 5–6 (Tex. App.—Houston [14th Dist.] Sept. 1, 2009, no pet.) (mem. op.) (concluding that decree nunc pro tunc properly corrected amount of monthly child support that was "left blank" in judgment where docket sheet notation included amount).

Judge Kennon's first entry references that the divorce was agreed, and he subsequently references the ISA on file. Although there is no express entry that Judge Kennon approved the ISA, his next relevant entries in order reflect the receipt of evidence, the attorney's confirmation that the decree was in conformity with the ISA, and the grant of the parties' divorce and approval of the property division, prior to the entry that he signed the decree. *Cf. Russell*, 556 S.W.3d at 458–59 & n.11 (concluding that trial court did not render judgment on terms contained in parties' mediated settlement agreement where agreement was not read into record at prove-up hearing, trial court did not mention or approve agreement, and "the trial judge's docket

13

sheet stated, 'Petition for Divorce proved-up. Entry date 12/14/15,'" and comparing facts before court with cases in which facts supported that trial court rendered judgment on terms of parties' settlement agreement).[3]

We also conclude that the decree itself when considered with the judge's docket entry, the ISA that was on file, and the evidence concerning the corresponding QDROs support that Judge Kennon rendered judgment on the ISA and, therefore, that the error in the decree was clerical. *See Escobar*, 711 S.W.2d at 232; *Lopez*, 288 S.W.3d at 185 (stating that written documents and previous judgments are properly considered in determination of whether there is clerical error in judgment); *Bockemehl*, 604 S.W.2d at 470 (concluding that "evidence of a clerical mistake [was] provided by the provisions of the written decree" that contained "contradictions on its face").

---

[3] As support for her position that the docket entry is not evidence that Judge Kennon rendered judgment on the ISA, Eva cites *Molina v. Molina*, 531 S.W.3d 211 (Tex. App.—San Antonio 2017, no pet.). We find that case factually distinguishable. In that case, the trial court signed a final divorce decree that did not reference ranch property and subsequently signed a judgment nunc pro tunc awarding the ranch property in accordance with the parties' agreed property division. *Id.* at 213–14. Appellant thereafter filed a declaratory judgment action to set aside the judgment nunc pro tunc as void on the ground that it corrected a judicial error, and our sister court reversed and remanded. *Id.* In contrast with the docket entry for the December 2016 hearing before Judge Kennon, however, the "docket control sheet [in that case] merely indicate[d] the parties read their agreement into the record" as to the ranch property during the hearing. *Id.* at 217. We also observe that our sister court's holding in that case was in the context of an appeal from the trial court's summary judgment ruling and the basis of the holding was that the appellee "fail[ed] to establish an oral rendition of judgment as a matter of law," and, "[a]s a result," "did not conclusively prove the nunc pro tunc divorce decree was precluded from collateral attack or that the nunc pro tunc decree was valid." *Id.* In contrast, this appeal is from a judgment nunc pro tunc in which the trial court entered findings of fact and conclusions of law. We also observe that, consistent with our analysis in this case, our sister court recognized that docket entries may be used to support "the contention that a judgment was orally rendered on a certain date." *See id.*

14

For example, the provisions in the decree dividing Eddie's 401(k) are incongruent. *See Dickens*, 957 S.W.2d at 659–60 (explaining that courts construe original judgment as whole to harmonize and to give effect to all provisions, "harmonizing the child support order with the rest of the decree," and concluding that "error was not a flaw in judicial reasoning, but a mistake in reducing the judgment to writing" where divorce decree misidentified party obligated to pay child support); *Newsom*, 919 S.W.2d at 483 (affirming judgment nunc pro tunc that corrected divorce decree prepared by counsel that divided property between parties to correct transposed names between petitioner and respondent concerning employment benefits and explaining that court was "constru[ing] the original judgment 'as a whole toward the end of harmonizing and giving effect to all the court has written'" (quoting *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976))).

Under the decree, Eddie—instead of Eva—received the amount of $32,040.50 from the 401(k), and, inconsistent with this provision, Eva was awarded fifty-percent of the 401(k)—which had a total value of approximately $167,000 when the parties signed the ISA—with the remainder balance of the 401(k) left unaddressed. In conflict with the terms of the ISA, the party who was to receive the amount of $32,040.50 from the 401(k) was transposed in the decree, and a portion of the asset was left unaddressed. *See Russell*, 556 S.W.3d at 455 (including "transposed parties" among examples of clerical errors); *Reyes v. Reyes*, No. 07-12-00331-CV, 2014 Tex. App. LEXIS 6057, at *8–9 (Tex. App.—Amarillo June 3, 2014, no pet.) (mem. op.) (affirming judgment nunc pro tunc that corrected "clerical errors, i.e., transposing the parties' names" in decree). Eva does not challenge the trial court's finding that the ISA "addressed and resolved . . . all issues related to division of assets."

Although the decree states that it will control if differences exist between the decree and the ISA, the decree also states that it "is stipulated to represent a merger of an informal settlement between the parties" and that the agreements in the decree "were reached pursuant to the informal settlement process."[4] The ISA was on file with the trial court for a few months before the decree was signed and, as noted above, the judge's docket entry references the ISA and the fact that it was on file. Judge Kennon also did not sign a QDRO regarding the 401(k) on the day that he signed the decree in December 2016, although the decree recites that a QDRO regarding the 401(k) would be signed on the same day, and Judge Kennon signed separate QDROs concerning different assets on that day. Eddie's counsel represented to the trial court at the hearing in December 2017 that she had provided a QDRO regarding the 401(k) in accordance with the ISA to Eva's counsel but that Eva's counsel did not return it before the December 2016 hearing, and Eva does not contend otherwise. In contrast, the QDRO that was signed the same day as the decree nunc pro tunc follows the division of the 401(k) between the parties in conformity with the ISA.

Further, although Eva testified at the hearing that she did not believe that the decree contained any mistakes, the trial court could have found her testimony not to be credible, particularly

---

[4] Eva argues that the terms of the decree merged any prior agreements of the parties and that those prior agreements were supplanted by the terms of the decree, citing this Court's opinion in *Wiegrefe v. Wiegrefe*, No. 03-16-00665-CV, 2017 Tex. App. LEXIS 8218, at *14 n.4 (Tex. App.—Austin Aug. 29, 2017, no pet.) (mem. op.). In that case, the trial court granted a petition for bill of review and signed a revised divorce decree that awarded an account in conformity with the parties' mediated settlement agreement. *Id.* at *2–4. We reversed and vacated the revised decree. *Id.* at *15. The parties in that case, however, did not address the issue before this Court in this appeal—whether the trial court rendered judgment on the parties' agreement in the context of an appeal from a judgment nunc pro tunc. *See Molina*, 531 S.W.3d at 216 (explaining that trial court can correct entry of final judgment "that incorrectly states the judgment actually rendered" by signing judgment nunc pro tunc (citation omitted)).

16

given the express language in the ISA of the agreed division of all of the parties' assets, including the 401(k), and the internally inconsistent provisions in the decree. *See City of Keller*, 168 S.W.3d at 819 (noting that fact finder is sole judge of credibility of witnesses and weight given to their testimony). On appeal, Eva does not dispute that the decree nunc pro tunc divides the 401(k) between the parties in conformity with the ISA.

Based on our review of the evidence under the applicable standards of review, we conclude that it was legally sufficient to support the trial court's implied finding that Judge Kennon rendered judgment on the ISA and that the proof of clerical error in the decree was "clear, satisfying, and convincing." *See id.* at 810, 827; *Escobar*, 711 S.W.2d at 232; *Roan*, 2010 Tex. App. LEXIS 8699, at *13; *Lopez*, 288 S.W.3d at 185; *see also Mora v. Mora*, No. 04-17-00428-CV, 2018 Tex. App. LEXIS 8237, at *7–8 (Tex. App.—San Antonio Oct. 10, 2018, pet. filed) (mem. op.) (affirming trial court's order entering judgment nunc pro tunc to correct legal description of property contained in divorce decree when record showed that trial court verbally rendered judgment by referring to property on which "business was located"); *Roan*, 2010 Tex. App. LEXIS 8699, at *10–12, 14 (affirming judgment nunc pro tunc and concluding that evidence was sufficient to support trial court's finding that trial judge "in open court orally rendered final judgment based on the agreements of the parties" when evidence showed that trial judge "granted the divorce from the bench at the prove-up hearing," no changes were ordered as to parties' agreement that was before court, and judgment rendered was "with the specific terms of the judgment governed by [parties' agreement]"); *cf. Daredia*, 317 S.W.3d at 249 ("[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment

17

and therefore are judicial errors when thus *rendered in writing* by the court." (quoting *Dikeman*, 490 S.W.2d at 185–86) (emphasis added)); *Rawlins*, 324 S.W.3d at 856–57 (concluding that nothing in record showed discrepancy as to start date for child support obligation between judgment as rendered and judgment as entered and, therefore, error in agreed final decree of divorce was judicial); *Lopez*, 288 S.W.3d at 187–88 (explaining that there was no evidence in record "that trial court intended to do anything other than grant the motion exactly as the parties requested" or that the trial court had previously rendered judgment and, therefore, concluding that judgment nunc pro tunc was void).

## Conclusion

For these reasons and on this record, we conclude that the trial court did not err when it found that the error in the decree was clerical, granted Eddie's motion for judgment nunc pro tunc, and signed the decree nunc pro tunc and corresponding QDRO regarding the 401(k). Thus, we overrule Eva's issues and affirm the challenged orders.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: April 11, 2019